

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Gunawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4304

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gunawan v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1300.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1300

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4304

———

ANASTASIA F. GUNAWAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of A Final Order of the Board of Immigration Appeals
(BIA No. A95-543-809)
Immigration Judge: Honorable Donald V. Ferlise

———

Submitted Under Third Circuit LAR 34.1(a),
January 23, 2007

Before: SCIRICA, Chief Judge, FUENTES and CHAGARES, Circuit Judges

(Filed April 16, 2007)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Anastasia Gunawan petitions for review of a final order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. For the reasons stated below, we will deny the petition.

Gunawan is a citizen of Indonesia. She is ethnically Chinese and a practicing Catholic. She arrived in the United States in August of 2001 on a nonimmigrant visa, leaving her husband and two children behind. After overstaying her visa, Gunawan was placed in removal proceedings in June 2002. She conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming that she had been persecuted on account of her ethnic and religious identity.

At a merits hearing, Gunawan testified to four incidents of persecution. First, Gunawan testified that when she was a child, around the age of nine, ethnic Indonesians threw rocks at her, slapped her in the face, and threw her to the ground. Gunawan did not testify that the individuals said anything to make her believe that the attacks were based on her ethnic or religious background.

Second, Gunawan testified that in March of 1999, a group of ethnic Indonesians attacked her while she was walking home with her child from a doctor's appointment. According to Gunawan, the individuals spat on her, pushed her to the ground, kicked her and threw rocks at her. The individuals told her that she should return to China and that she did not deserve to live in Indonesia. Gunawan testified that she suffered a cut and some bruises as a result of the attack. Although Gunawan knew the name of one of the

2

individuals who attacked her, she testified that she did not report the incident to the police because she did not believe they would help her and, in any event, the individuals would have retaliated against her for reporting them to the authorities.

Third, Gunawan described a riot that erupted in her neighborhood in January of 2000, in response to rumors that an ethnic Indonesian had been killed by an ethnic Chinese Indonesian. According to Gunawan, rioters looted and burned down her handicraft store and beat her and her husband. As a result, Gunawan was taken to the hospital, and released later that same day. Gunawan's husband spent five days in the hospital as a result of his injuries.

Fourth, Gunawan testified that in May of 2001, she was attacked by a group of ethnic Indonesians while she was on her way to church. The individuals grabbed and fondled her, threw her bible to the ground, and stated that they were from a Muslim solidarity group and hated all Christians. Shortly thereafter, Gunawan left Indonesia for the United States.

The Immigration Judge ("IJ") denied Gunawan's application for asylum, withholding of removal, and relief under the Convention Against Torture, finding that Gunawan failed to satisfy her evidentiary burden.[1] Gunawan appealed the IJ's adverse

---

[1] Although the IJ did not find Gunawan's testimony credible, he nevertheless went on to consider whether, assuming the truth of her testimony, Gunawan satisfied her burden of proof. As set forth below, we agree with the IJ that the incidents Gunawan described do not rise to the level of persecution; therefore, we do not need to reach the issue of whether the IJ's adverse credibility determination was supported by substantial evidence.

rulings on her application for asylum and withholding of removal, but did not challenge his disposition of her claim under the Convention Against Torture. The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision.

Where the BIA adopts the opinion of the IJ, we review the IJ's decision. Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002). Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual question, which we review under the substantial evidence standard. Mulanga v. Ashcroft, 349 F.3d 123, 131 (3d Cir. 2003). Under the substantial evidence standard, we may only disrupt an IJ's findings if "the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

Here, the IJ concluded that the four incidents that Gunawan described did not rise to the level of persecution. Rather, in the IJ's view, the incidents Gunawan described were isolated criminal attacks that did not appear to have been motivated by Gunawan's ethnic or religious background. The IJ noted that Gunawan described her injuries as relatively minor, and never reported the incidents to the police. In addition, the IJ observed that Gunawan's husband and children still live in Indonesia, and that there is no record evidence that they have been harmed or threatened in any way.

After independently reviewing the record we simply cannot say that the evidence compels a conclusion contrary to the one reached by the IJ. Indeed, we find the IJ's decision entirely consistent with our prior precedential opinion in Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005), a case in which we denied a petition for review despite

4

arguably stronger evidence that petitioner had been mistreated on account of her status as an ethnic Chinese Christian in Indonesia, and rejected the notion that there was, as of the date of the decision, a pattern or practice of discrimination against Chinese Christians in Indonesia.

Finally, given Gunawan's failure to satisfy her evidentiary burden for establishing eligibility for asylum, the IJ also properly denied her application for withholding of removal.  See Mudric v. Attorney General, 469 F.3d 94, 102 n.8 (3d Cir. 2006).

Accordingly, we will deny the petition for review.